*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

APB,

　　　　　　Petitioner-Appellee,

v

RCB,

　　　　　　Respondent-Appellant.

UNPUBLISHED
October 20, 2022

No. 358402
Kalamazoo Circuit Court
LC No. 2020-008234-PP

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

This criminal prosecution arising from the issuance of a personal protection order (PPO) resulted in the conviction of respondent, RCB, for criminal contempt. On May 4, 2021, the trial court conducted an evidentiary hearing on petitioner's motion to show cause and found that RCB made a threatening telephone call to petitioner, so the trial court found RCB in criminal contempt of court. On appeal, RCB argues that the record developed at the evidentiary hearing, when viewed in the light most favorable to the prosecution, does not contain sufficient evidence to support the trial court's criminal-contempt finding. We disagree, so we shall affirm.

## I. FACTUAL BACKGROUND

Petitioner requested a PPO, which the trial court granted on July 8, 2020. The terms of the PPO prohibited RCB from, among other things, contacting petitioner by telephone. Subsequently, petitioner filed a motion asking the trial court to direct RCB to show cause why he should not be held in criminal contempt for making a threatening telephone call to petitioner in January 2021. The trial court obliged by scheduling a show-cause hearing for May 4, 2021.

At the show-cause hearing, petitioner testified that RCB is her brother, that she is familiar with RCB's voice from many years of knowing each other, and that RCB called her by telephone on January 18, 2021. Petitioner explained that she recognized RCB's voice when he said to her: "You're a fucking liar and you're going to hell for it." According to petitioner, RCB hung up the telephone after making that statement to her. Petitioner promptly asked someone else to call RCB back, but the caller received a response from TextNow "saying that the TextNow subscriber that

you have reached is unavailable."[1]  Then petitioner called the police to report RCB's contact with her.  A police officer responded by meeting with petitioner, examining her phone, and attempting to call RCB back.

RCB testified in his own defense, denying that he called or threatened petitioner.  RCB did admit that he spoke with a detective who called him on January 18, 2021, but RCB responded to the detective's questions by denying that he called petitioner.  RCB claimed that the detective "didn't ask to look at [his] phone or anything[,]" but RCB "offered him another resource that [he] had to further the investigation[.]"  Despite that offer, the detective "didn't follow-up any further past that."

Having heard testimony from petitioner and RCB as well as arguments from the attorneys for both parties, the trial court found beyond a reasonable doubt that RCB violated the PPO against him by calling petitioner on January 18, 2021.  The trial court explained its decision in great detail, crediting RCB for abstaining from all contact with petitioner for months before the call and noting that there was "potential bias" because petitioner did not like her brother at all.  The trial court's decisions to believe petitioner and to find that "the contact did occur . . . as it was described" rested on petitioner's knowledge of the sound of RCB's voice and the lack of embellishment in the story that petitioner told during her testimony.  After finding RCB guilty of criminal contempt, the trial court sentenced him to serve one day in jail, but the trial court suspended the jail term with a stern warning to RCB about the penalties for committing any further violations of the PPO.  This appeal followed.

## II.  LEGAL ANALYSIS

RCB argues on appeal that the prosecution failed to present sufficient evidence to support the trial court's finding of criminal contempt.  "Under MCL 600.2950a(23), a person who fails to comply with a PPO is subject to the criminal-contempt powers of the court."  *In re JCB*, 336 Mich App 736, 747; 971 NW2d 705 (2021).  "[T]he petitioner has the burden of proving the respondent's guilt of criminal contempt beyond a reasonable doubt."  *Id.*, citing MCR 3.708(H)(3).  Although "[w]e review a trial court's decision to hold a party in contempt for an abuse of discretion[,]" *id.*, we consider a challenge to the sufficiency of evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).  In doing so, however, "this Court views the evidence presented in a light most favorable to the prosecution to determine if the elements of the crime were proven beyond a reasonable doubt."  *In re JCB*, 336 Mich App at 747.  "[T]he trial court's factual findings in a contempt proceeding are reviewed for clear error, and we must affirm if there is competent evidence to support them."  *Id.* at 748.  Finally, "[w]e do not weigh the evidence or the credibility of the witnesses in determining whether there is competent evidence to support the findings" made by the trial court.  *Id.*  Applying these standards, we conclude that the evidence presented against RCB easily passes muster.

---

[1] TextNow is a voice-over-internet-protocol service that allows users to call any telephone number in the United States or Canada when connected to WiFi.  As petitioner explained, TextNow is "an app that you can download and literally pick whatever phone number that works for you and then you can use your phone and call people on it."

RCB's challenge to the sufficiency of the evidence comprises three assertions. First, RCB insists that there "was not sufficient evidence that [RCB] was the person that called [petitioner] or that even a call was made." Petitioner testified that she received the call from RCB on January 18, 2021, that she "heard [RCB]'s voice and he said 'you're a fucking liar and you're going to hell for it.' " Additionally, petitioner stated unequivocally that she recognized RCB's voice because she had known him for most of her life and was familiar with the sound of his voice. Because we must consider "the evidence presented in a light most favorable to the prosecution to determine if the elements of the crime were proven beyond a reasonable doubt[,]" *In re JCB*, 336 Mich App at 747, we conclude that petitioner's testimony constituted competent evidence to support the trial court's finding that RCB made the threatening call to petitioner on January 18, 2021. See *id.* at 748.

RCB's second assertion that "[t]here were no witnesses to the call" is both incorrect and immaterial. Petitioner was a witness to the call, and she testified about precisely what was said to her and who said it. The trial court ascribed credibility to her testimony not only because she was readily able to identify RCB's voice, but also because petitioner did not embellish her story about the call. Consequently, RCB cannot argue that there were no witnesses to the call. And if RCB means to suggest that the prosecution was obligated to present testimony from someone other than the participants in the call on January 18, 2021, his suggestion is flatly wrong as a matter of law. The prosecution had no legal obligation to provide testimony from anyone other than petitioner to establish that the call occurred and that RCB made the call.

Finally, RCB asserts that the prosecution "never retrieved [his] phone or made any attempts to do any forensic examination of the phone." A finding of sufficiency of the evidence to support a conviction does not require proof that the prosecution took every possible investigative measure to confirm a defendant's guilt. The trial court made a finding of fact that RCB called petitioner on January 18, 2021, "and we must affirm if there is competent evidence to support" that finding. See *In re JCB*, 336 Mich App at 748. The record reflects that the caller used TextNow to disguise the actual origin of the call on January 18, 2021, which not only furnishes circumstantial evidence that the caller knew the call was improper, but also justifies the investigative decision not to examine RCB's phone. In sum, the prosecution elected to proceed to trial without any forensic analysis of RCB's phone but nonetheless convinced the trial court beyond a reasonable doubt that RCB made the call to petitioner, and we have no basis to conclude that the trial court committed clear error in making that finding.[2] See *id.* Accordingly, petitioner's testimony provides sufficient evidence to support RCB's conviction for criminal contempt.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[2] As we have observed, alleged flaws in the investigation "relate[ ] to how the fact-finder at trial could have determined to evaluate the evidence, but . . . fail to address the evidence in the light most favorable to the prosecution, the standard by which we are required to evaluate the evidence." *People v Culberson*, unpublished per curiam opinion of the Court of Appeals, issued January 7, 2021 (Docket No. 344075), p 8.